I.

**FILED**

08 JUL 24 AM 9:30

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N. DIST. OF CALIFORNIA

**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

Name  *HARVEY        Quillie        L.*

     (Last)                (First)           (Initial)

Prisoner Number  *H-28106*

Institutional Address  *P.O. BOX 1050, Soledad, CA. 93960*

**(PR)**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**CRB**

*Quillie L. HARVEY JR.*

     (Enter the full name of plaintiff in this action.)

vs.

*G. Ponder, M.S. Evans, A. Hedgpeth,*
*J. Celaya*

     (Enter the full name of the defendant(s) in this action)

**CV 08        3544**

Case No. _____
(To be provided by the Clerk of Court)

**COMPLAINT UNDER THE**
**CIVIL RIGHTS ACT,**
**Title 42 U.S.C § 1983**

*[All questions on this complaint form must be answered in order for your action to proceed..]*

I.    Exhaustion of Administrative Remedies.

    [**Note:** You must exhaust your administrative remedies before your claim can go

    forward. The court will dismiss any unexhausted claims.]

    A.    Place of present confinement  *SALINAS VALLEY State Prison*

    B.    Is there a grievance procedure in this institution?

          YES (✓)    NO ( )

    C.    Did you present the facts in your complaint for review through the grievance

    procedure?

          YES (✓)    NO ( )

    D.    If your answer is YES, list the appeal number and the date and result of the

    appeal at each level of review. If you did not pursue a certain level of appeal,

    explain why.

*2.*

1. Informal appeal ___*GRANTED*___   *(SEE EXHiBiT B)*

2. First formal level___*dENied*___   *"*   *'I*

3. Second formal level___*dENied*___   *"*   *'I*

4. Third formal level___*dENied*___   *''*   *'I*

E.  Is the last level to which you appealed the highest level of appeal available to
    you?

    YES (✓)   NO ( )

F.  If you did not present your claim for review through the grievance procedure,
    explain why._____

    _____

II.  Parties.

A.  Write your name and your present address. Do the same for additional plaintiffs,
    if any.

    *Quillie HARVEY H-28106*

    *P.O. BOX 1050*

    *SolEdAd, CA. 93960*

B.  Write the full name of each defendant, his or her official position, and his or her
    place of employment.

    *SEE ATTACHED ComPlAinT*

COMPLAINT                          - 2 -

3,

III.   Statement of Claim.

State here as briefly as possible the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

_SEE ATTACHED COMPLAINT_

IV.   Relief.

Your complaint cannot go forward unless you request specific relief. State briefly exactly what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

_SEE ATTACHED COMPLAINT_

COMPLAINT                                    - 3 -

4.

_____

_____

_____

_____

I declare under penalty of perjury that the foregoing is true and correct.

Signed this ___16___ TH ___ day of ___JUlY_____, 2008 ___

_____

(Plaintiff's signature)

COMPLAINT                                   - 4 -

5.

1. Quillie Harvey H-28106
2. P.O. Box 1050
3. Soledad, CA. 93960
4.
5. In Pro Per,
6.
7.
8.
9. Quillie L. Harvey Jr.
    (Plaintiff)
10.
11. V.
12. G. Ponder et al.,
    (Defendants)
13.

United States District Court
Northern District of California

Complaint for Damages,
and Jury Trial.

14.    General Allegations

15.        This is Plaintiffs Complaint for Damages under 42 U.S.C. §§
16. 1983. Alleging Violations of the Fourteenth and Eighth Amendments to
17. the United States Constitution. Violations of State Law as Well as the Cali-
18. fornia Constitution.

19.    Jurisdiction

20.        1. The Court has Jurisdiction over Plaintiffs Claims of Violations of Fede-
21. ral Constitutional Rights Protected by the U.S. Constitution under 42 U.S.C. §§
22. 1331(a) and 1343.

23.        2. The Court has Jurisdiction over Possible State Law Tort Claims under 28
24. U.S.C. § 1367.

25.    Venue

26.        All of the events given rise to this Cause of Action took place in Salinas
27. Valley, Soledad, California. Therefore Venue is Proper under 28 U.S.C. Section 1391(b)(2).
28.                                    1.

6.

1.   PARTIES

2.   3. PLAINTIFF, Quillie Harvey at all times mentioned in this complaint was in-
3. carcerated at Salinas Valley State Prison.

4.   4. DEFENDANTS, 6. Ponder was the Captain who knowingly violated Plaintiffs
5. constitutional rights. He is sued in his individual capacity, official.

6.   5. M.S. Evans was the warden who knowingly violated and failed to prevent
7. constitutional violations to happen. He is sued in his individual capacity, official.

8.   6. A. Hedgpeth was the chief deputy warden and acting warden who knowingly
9. violated Plaintiffs constitutional rights. He is sued in his individual capacity, official.

10.   7. J. Ceiaya was the lieutenant who knowingly violated Plaintiffs constitutional
11. rights. He is sued in his individual capacity, official.

12.   8.      Each of the defendants were acting under color of state law, under
13. California law, state employees are statutorily required to exercise due care in
14. the performance of their duties. See California Government Code sections 820.4 and
15. 844.6 (d). See also California evidence code section 669 et. seq. California Code of Reg.
16. ulations Title 15. California Labor Code sections 3351(c) and 6304.2. California Penal
17. Code sections 2802, 2803, and 5001.

18.   FACTS

19.   9.      Plaintiff has a history of foot, back, and shoulder injuries which
20. outdoor exercise is crucial to his well being/healing.

21.   10.     In 2006 Plaintiff suffered injuries to his feet which resulted in
22. consultations with a podiatrist. Plaintiff was given shoe inserts and exercise ad-
23. vice to slowly bring his feet to normal.

24.   11.    Plaintiff has had chronic right shoulder pain due to an injury sus-
25. tained in 1993. On February 17, 2006 an MRI was done which showed an infra-
26. spinatus and supraspinatus tendonitis and partial tear. Plaintiff was seen by the
27. orthopedic who recommended medication and placed Plaintiff on physical

28.

7.

1. THERAPY. THIS WORKED AND PLAINTIFF WAS RELEASED FROM CARE IN AUGUST OF 2006,
2. WITH INSTRUCTIONS TO CONTINUE TO DO THE PHYSICAL THERAPY EXERCISES PLAINTIFF WAS
3. TAUGHT.

4.    12. ON 4-23-07 "C" FACILITY WHICH PLAINTIFF WAS HOUSED IN WAS PLACED ON
5. LOCKDOWN. ALL RECREATIONAL ACTIVITIES WERE CANCELLED. SEE EXHIBIT

6.    13. ON 6-4-07 THERE WAS INMATES HOUSED IN THE GYM ON FACILITY "C." THESE INMATES
7. WERE LEVEL 3. PLAINTIFF WAS ALSO HOUSED ON FACILITY "C" BUT PLAINTIFF WAS A LEVEL 4 PRISONER
8. AND HOUSED IN A CELL.

9.    14. ON 6-4-07 THE BLACK & HISPANIC POPULATION IN THE GYM HAD A RIOT. EVEN THOUGH
10. PLAINTIFF WAS NOT IN THE GYM THE LOCKDOWN THAT PLAINTIFF WAS ALREADY ON WAS EXTENDED.
11.    15. THE OTHER POPULATION WAS RELEASED TO NORMAL PROGRAM WHILE THE BLACK, WHITE, &
12. HISPANIC POPULATION STAYED ON LOCK DOWN. SEE EXHIBIT "A"

13.    16. AFTER NOT RECEIVING OUTDOOR EXERCISE FOR 5 MONTHS PLAINTIFF STARTED
14. GETTING PAIN IN HIS BACK & SHOULDER. THIS ALWAYS HAPPENS WHEN PLAINTIFF IS DENIED
15. FRESH AIR/OUTDOOR EXERCISE FOR A LONG PERIOD OF TIME.

16.    17. ON 8-19-07 PLAINTIFF FILED A INMATE APPEAL (602). THIS WAS DUE TO DEFENDANTS
17. G. PONDER, M.S. EVANS, A. HEDGPETH, AND J. CELAYA ENACTING A UNCONSTITUTIONAL PROGRAM.

18.    18. THIS UNCONSTITUTIONAL PROGRAM GAVE "OTHERS" (WHICH IS ANY RACE NOT WHITE, BLACK,
19. OR HISPANIC) NORMAL PROGRAM. NORMAL PROGRAM CONSIST OF OUTDOOR EXERCISE, CONTACT VISITS,
20. LAW LIBRARY, PHONE CALLS, WORK RELEASE, CANTEEN, & RELIGIOUS SERVICES. THIS UNCONSTITUTIONAL
21. PROGRAM GAVE PRISONERS THAT WERE PLACED ON THE PROGRAM LIST NORMAL PROGRAM TO. SEE
22. EXHIBIT "B"

23.    19. MONTHS PASSED AND PLAINTIFFS HEALTH CONTINUED TO FADE WHICH RESULTED IN
24. PLAINTIFF BEING PLACED BACK ON MEDICATION IN THE NEED FOR INTERARTICULAR STEROID
25. INJECTIONS. SEE EXHIBIT "C"    (THIS EXHIBIT IS A 602 THAT SHOWS A LITTLE OF PLAINTIFFS IN-
26. JURIES TO SHOW WHAT MEDICAL ISSUES PLAINTIFF HAD. IT IS ONLY BEING USED FOR THOSE PURPOSES AND DOES
27. NOT REPRESENT THE OUTDOOR EXERCISE OR EQUAL PROTECTION CLAIMS.)

28.

8.

20. DURING THIS UNCONSTITUTIONAL LOCK DOWN PLAINTIFF LEARNED THAT HIS FATHER PASSED AWAY. PLAINTIFF WAS UNABLE TO CALL HOME DUE TO THE LOCK DOWN. THIS PLACED PLAINTIFF UNDER A GREAT DEAL OF STRESS. PLAINTIFF WAS UNABLE TO SLEEP AND ATE VERY LITTLE.

21. AFTER 11 MONTHS OF NO OUTDOOR EXERCISE, PHONE CALLS, CANTEEN, RELIGIOUS, SERVICES OR CONTACT VISITS PLAINTIFF WAS PLACED ON PROGRAMING LIST AND LET OFF LOCK DOWN.

CLAIMS OF RELIEF

1. THE ACTIONS OF DEFENDANTS G. PONDER, M.S. EVANS, A. HEDGPETH ; J. CELAYA TO ENACT A PROGRAM THAT DENIED PLAINTIFF A LIFE NECESSITY (OUTDOOR EXERCISE) WHICH CAUSED MENTAL AND PHYSICAL INJURIES TO PLAINTIFF WAS IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

2. THE ACTIONS OF DEFENDANTS G. PONDER, M.S. EVANS, A. HEDGPETH ; J. CELAYA TO ENACT A PROGRAM THAT ALLOWED SIMULAR SITUATED PRISONERS ENTITLEMENTS AND DENY PLAINTIFF THOSE SAME ENTITLEMENTS WITHOUT PROVOCATION CAUSED PLAINTIFF MENTAL ; PHY-SICAL INJURIES AND WAS A VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

3. PLAINTIFF INCORPORATES BY REFERENCE EACH OF THE FACTS OF PARAGRAPHS 9-21 AS BASIS FOR THESE CLAIMS OF RELIEF. NONE OF THE DEFENDANTS ACTIONS JUSTIFIED A PENELOGICAL INTEREST.

PRAYER FOR RELIEF

WHEREFORE PLAINTIFF REQUEST THE FOLLOWING RELIEF:

A. AWARD COMPENSATORY DAMAGES INDIVIDUALLY AGAINST EACH DEFENDANT, IN THE AMOUNT OF $7000.

B. AWARD PUNITIVE DAMAGES AGAINST EACH DEFENDANT IN THE AMOUNT OF $16000.

C. DEMAND FOR JURY TRIAL.

D. ANY RELIEF THE COURT DEEMS JUST.

DATED: 7-16-08

Willie Harvey
SIGNATURE

9.

# Exhibit

A

PROGRAM STATUS REPORT
## PART B – PLAN OF OPERATION / STAFF & INMATE NOTIFICATION

| INSTITUTION | EFFECTIVE DATE OF PLAN | PRECIPITATING INCIDENT LOG NUMBER |
|---|---|---|
| SALINAS VALLEY STATE PRISON | 6-5-07 | SVP-FCY-07-06-0370 |

| ☐ NORMAL PROGRAM | ☒ MODIFIED PROGRAM  10, | ☐ LOCKDOWN | | STATE OF EMERGENCY |
|---|---|---|---|---|
| ☒ INITIAL | | ☐ UPDATE | | ☐ CLOSURE |

### RELATED INFORMATION (CHECK ALL THAT APPLY)

| AREA AFFECTED | INMATES AFFECTED | REASON |
|---|---|---|
| ☐ INSTITUTION | ☐ ALL | ☐ BATTERY |
| ☒ FACILITY: C | ☒ BLACK | ☐ DEATH |
| ☐ HOUSING UNIT: | ☒ WHITE | ☒ RIOT / DISTURBANCE |
| ☐ VOCATION: | ☒ HISPANIC | ☐ GROUPING |
| ☐ EDUCATION: | ☐ OTHER | ☒ OTHER: disruptive group conflicts |
| ☒ OTHER: Gym Inmates | ☒ GYM | |

| MOVEMENT | WORKERS | DAYROOM |
|---|---|---|
| ☐ NORMAL | ☒ CRITICAL WORKERS ONLY | ☐ NORMAL |
| ☒ ESCORT ALL MOVEMENT IN RESTRAINTS | ☐ CULINARY | ☒ NO DAYROOM ACTIVITIES |
| ☒ UNCLOTHED BODY SEARCH PRIOR TO ESCORT | ☐ CLERKS | ☐ MODIFIED: |
| ☒ CONTROLLED MOVEMENT | ☐ VOCATION/EDUCATION | |
| ☐ OTHER: | ☐ CANTEEN | RECREATION |
| | ☐ CLOTHING ROOM | ☐ NORMAL |
| FEEDING | ☐ RESTRICTED WORK PROGRAM | ☒ NO RECREATIONAL ACTIVITIES |
| ☐ NORMAL | ☐ PORTERS | ☐ MODIFIED: |
| ☒ CELL FEEDING | ☐ INMATE WORKERS | |
| ☒ CONTROLLED FEEDING IN DINING ROOM | SHOWERS | CANTEEN |
|   ☐ HOUSING UNIT/DORM AT A TIME | ☐ NORMAL | ☒ NORMAL non modified inmates/Bulldog |
|   ☐ DORM POD AT A TIME | ☒ ESCORTED | ☒ NO CANTEEN Southern/Northern Hispanic Blacks |
|   ☐ TIER AT A TIME | ☒ ONE INMATE PER SHOWER HEAD | ☐ MODIFIED: |
|   ☐ HOUSING UNIT SECTION AT A TIME | ☐ CELL PARTNERS TOGETHER | |
| ☐ SACK MEAL BREAKFAST | ☒ DORM SHOWERING BY GROUP | PACKAGES |
| ☒ SACK MEAL LUNCH | ☐ CRITICAL WORKERS ONLY | ☒ NORMAL |
| ☐ SACK MEAL DINNER | ☐ NO SHOWERS | ☐ NO PACKAGES: |
| DUCATS | MEDICAL | ☐ MODIFIED: |
| ☐ ALL DUCATS HONORED | ☐ NORMAL MEDICAL PROGRAM | |
| ☐ MEDICAL DUCATS ONLY | ☒ PRIORITY DUCATS ONLY | PHONE CALLS |
| ☐ CLASSIFICATION DUCATS | ☒ MTA CONDUCT ROUNDS IN UNITS | ☐ NORMAL |
| ☒ PRIORITY DUCATS ONLY | ☒ INMATES ESCORTED TO SICK CALL | ☒ NO PHONE CALLS I/Ms on modified program |
| VISITING | ☐ EMERGENCY MEDICAL ONLY | ☐ MODIFIED: |
| ☒ NORMAL VISITING  Others /Bulldogs | ☐ OTHER: | |
| ☒ NON-CONTACT ONLY Southern/Northern Hispanic lacks | | RELIGIOUS SERVICES |
| ☐ NO VISITING | LEGAL LIBRARY | ☐ NORMAL |
| ☐ OTHER | ☐ NORMAL | ☐ NO RELIGIOUS SERVICES |
| | ☒ APPROVED COURT DEADLINES: PLU progressing to GLU | ☒ MODIFIED: In Cell Worship |

REMARKS Based on the riot that occurred in the Facility C Gym on 6-4-07 SVP-FCY-07-06-0370 and the subsequent dining hall riot SVP-FCD-07-06-0371 facility C will remain on modified program pending administrative review. This will include the bulldog population based on their unresolved conflict with Southern/Northern/Mexican National Hispanic and White populations and the Black population pending review of the gym and dining hall incidents involving Southern/Northern/Mexican National Hispanic and Black inmates. The Southern/Northern/Mexican National inmates in the Gym will remain on bunk status. Gym Showers will be by group, meals releases will be controlled by row and supervised. The Other population will remain on normal program and be used as critical workers pending further notice and/or Captains approval of affected population critical workers.

| PREPARED BY: | DATE | NAME / SIGNATURE (WARDEN) | DATE: |
|---|---|---|---|
| . PONDER  FACILITY CAPTAIN | 6-5-07 | M. S. EVANS,  WARDEN | 6-5-07 |

*ll,*





2nd

ATE... CALIFORNIA

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

DEPARTMENT OF CORRECTIONS

Location: Institution/Parole Region
1. SVSP  C

Log No.
1. 07-03810

Category
II

2. _____

2. _____

CA2

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.   Med. fwd. program - CYd

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|-----------|------------------|
| HARVEY, Q. | H-28106 | . . . . . | C-5-216 |

A. Describe Problem: ON 8-8-07 A PLAN OF OPERATIONS WAS PASSED OUT THAT STATED INCREMENT RELEASES WOULD START ON 8-14-07. I HAVE NOT HAD ANY OUTDOOR EXERCISE SINCE MARCH 07. I HAVE SUCCESSFULLY PARTICIPATED IN THE INTERVIEW PROCESS. THERE ISN'T ANY REASON WHY I SHOULD BE DENIED THIS NECESSITY TO HUMAN LIFE. THIS IS A VIOLATION OF THE CONSTITUTION AND C.C.R IS 3004(a), 3044(b)(5), 3220.

If you need more space, attach one additional sheet.

STATE APPEAL BRANCH   OCT 30 2007   RECEIVED

B. Action Requested: I WOULD LIKE MY OUTDOOR EXERCISE AND I WOULD LIKE TO EXHAUST MY ADMINISTRATIVE REMEDIES.

Inmate/Parolee Signature: _Willie Harvey_   Date Submitted: 8-19-07

C. INFORMAL LEVEL (Date Received: 8-20-07 )

Staff Response: GRANTED - INCREMENTAL RELEASE HAS COMMENCED, AND YOU WILL BE RELEASED TO YARD WHEN YOU ARE PUT ON THE INCREMENTAL RELEASE LIST.

Staff Signature: _____   Date Returned to Inmate: 8-20-07

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

DISSATISFIED THE INCREMENTAL RELEASE PROGRAM VIOLATES THE CONSTITUTION AND C.C.R IS AND does NOT JUSTIFY A PENELOGICAL GOAL. I STILL REQUEST OUTDOOR EXERCISE AND TO EXHAUST MY ADMINISTRATIVE REMEDIES

Signature: _Willie Harvey_   REC'D AUG 27 2007   Date Submitted: 8-20-07

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

REC'D SEP 24 2007

13.

First Level  ☐ Granted  ☐ P. Granted  ☑ Denied  ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 2·29·07   Due Date: 10·10·07

Interviewed by: ___Sgt. Jones_____

SVSP INMATE APPEALS OFFICE ← G   ATTACHED
EIVED COMPLETED RESPONSE ON

SEP 07 2007

T LVL ☐   2ND LVL ☐

Staff Signature: _____  Title: ___Sgt___   Date Completed: 9/5/07
Division Head Approved:   DELIVERED SEP 0 6 2007
Signature: _____  Title: ___CAC___   Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Dissatisfied This Modified Programs is unconstitutional under the J Howson Ruling. There is nothing in my case factor that would point to me being a security risk. For me to be placed on this program is a exaggerated response to a security need the riot happened ■ in the Gym with level 3 inmates who are no longer here. To allow other prisoners similarly situated entitlements violates CCR 15 : 14th Amendment. I still would also like my outdoor exercise.

Signature: _Willie Harvey_   REC'D SEP 24 2007   Date Submitted: 9-19-07

Second Level  ☐ Granted  ☐ P. Granted  ☑ Denied  ☐ Other _____   SVSP INMATE APPEALS OFFICE   RECEIVED COMPLETED RESPONSE ON 23-07

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 9-2__   Due Date: __

☑ See Attached Letter   OCT 16 2007

Signature: _____   Date Completed: _____

Warden/Superintendent Signature: _____   1ST LVL ☐   Date Returned to Inmate _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.   OCT 18 2007

Dissatisfied as previously stated a race based lock down is unconstitutional. To allow similar situated prisoners canteen items, outdoor exercise, visits and other program activity and deny me those same activities is unconstitutional. As 2nd level review stated "The appellant has also been reviewed as to his probability to program and will be released accordingly." What penological interest is there in denying me constitutional safeguards none? One alternative would to allow building concrete yard when security doesn't permit for the Big Yard. Attached 8-8-07 & 9-12-07 plan of operation.

Signature: _Willie Harvey_   Date Submitted: 10-24-07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted  ☐ P. Granted  ☑ Denied  ☐ Other _____
☐ See Attached Letter
Date: ___JAN 2 4 2008___

CDC 602 (12/87)

*14.*
STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:     **JAN 2 4 2008**

In re:    Quillie Harvey, H28106
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0712718          Local Log No.: SVSP-07-03810

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner A. A. Read. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that on August 8, 2007, a Salinas Valley State Prison (SVSP) Plan of Operations was passed out that indicated increment releases of inmates would start on August 14, 2007. The appellant states that he has not had any outdoor exercise since March 2007, even though the appellant has successfully participated in the interview process. It is contended there is no reason why the appellant should be denied this necessity to human life. The appellant claims this is a violation of the constitution and California Code of Regulations, Title 15, Section (CCR) 3004, 3044 and 3220. The appellant requests that he would like his outdoor exercise and that the appellant is able to exhaust his administrative remedies.

**II    SECOND LEVEL'S DECISION:** The reviewer found that the appellant's concerns have been properly addressed by involved and/or assigned SVSP staff. The appellant was interviewed on September 5, 2007, by Correctional Sergeant E. Jones regarding the appellant's appeal issues. The reviewer states that the appellant did successfully participate in the interview process pursuant to the tracking list. The appellant will be scheduled for Institution Classification Committee and his program status will be reviewed. Currently, the appellant is on the C2 Yard, which is on modified program pending the incremental release plan that is in effect pursuant to the current plan of operations. CDCR rules require that institutional security and the safety of persons shall take precedence over all other considerations. It is standard practice in the department to place a facility on modified program after a disturbance and that staff investigate and question the inmate population to ascertain the current safety of staff and other inmates on a given facility. The institutional head has the authority and responsibility to operate the institution in a safe and secure manner and that the inmate population is expected and required to follow all such modifications. The reviewer states that the appellant requested a Second Level of Review (SLR) on September 19, 2007, due to not being satisfied with the First Level of Review response. The SLR states that the rules governing the appellant's appeal issues are contained in CCR 3005, California Penal Code Section (PC) 5054, and CDC Operations Manual Section (DOM) 55015, Unlock Protocol Guidelines "Confidential". The SLR states that in accordance with the PC 5054, Control of Penal Institutions and Inmates; the supervision, management and control of the state prisons is vested with the Director. Through the Policies and Regulations Branch, the Director of the CDCR has established the unlock protocol process as a meaningful and necessary means of assessing incidents of this magnitude. As information has been received, management has acted in a responsible fashion to attempt to return Facility -C to normal program; however, information through interviews, family members, mail and anonymous notes, and violent acts, committed and/or attempted, that have occurred on Facility-C since the original incident has precluded the management from being allowed to safely return the entire facility to normal program. Based upon the aforementioned information, the Second Level of Review denied the appeal.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

    **A.    FINDINGS:** The documentation and presented arguments are persuasive that the appellant has failed to support his appeal issues with sufficient evidence or facts to warrant a modification of the SLR. The examiner reviewed CCR 3005, Conduct, CCR 3270, General Policy-Security, CCR 3271, Responsibility

QUILLIE HARVEY, H28106
CASE NO. 0712718                    15.
PAGE 2

of Employees, and CCR 3300, Prevention of Disorders, and concurs with the assessment of the institution that the appellant's appeal issues have been appropriately and properly addressed. The examiner noted that the appellant did not attach any documentation to support his allegations and/or contentions that the institution was not operating within the parameters of existing CDCR regulations regarding the placement of inmates on modified programs due to violence/disturbances. The institution correctly informed the appellant that appropriate measures are in place to ensure that all inmates are able to safely and securely receive those daily programs and activities that are allowed to inmates on a modified program. The CDCR requires that institutional security and safety of persons shall take precedence over all other considerations. It is standard practice in the CDCR to place a facility on a modified program after disturbances. It is also appropriate for staff to investigate and question the inmate population to ascertain the current safety of staff and other inmates on a given facility. The management of inmate populations by ethnicity and/or subcultures has long been recognized by correctional professionals as an effective technique for establishing and maintaining control of inmate populations during periods of emergency. The procedure is based upon sound penological interest for the institution and the CDCR. Each violent inmate incident is evaluated on its own merit because each has its own dynamics. The Warden and other administrative staff meet daily to determine the necessary restrictions and/or resumption of routine activities. The appellant has not shown any documentation or other verified evidence that would lend credence to his appeal issues and requests. The appellant has been duly informed regarding his appeal issues and responding institutional staff has addressed all pertinent areas of the appellant's complaint. The examiner finds that the appellant has failed to present any new documentation and/or evidence that would substantiate his claim; therefore, justification for intervention at the Director's Level of Review is not warranted nor been established by the appellant.

**B. BASIS FOR THE DECISION:**
PC: 5058
CCR: 3001, 3004, 3005, 3084.1, 3270, 3271, 3274, 3300, 3301, 3380
DOM: 13030.10

**C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SVSP
       Appeals Coordinator, SVSP

# APPEAL - FIRST LEVEL REVIEW
## SALINAS VALLEY STATE PRISON

**DATE:**    September 5, 2007

**NAME:** Harvey          **CDC #** H28106

**APPEAL #:    FIRST LEVEL APPEAL LOG #SVSP-C-07-03810**

**SUMMARY OF APPEAL:**  The appellant alleges that he is being discriminated against and not receiving any program. The appellant states that he did participate in the interview process and should be eligible for release.

The appellant is requesting on appeal that he receive outdoor recreation.

**SUMMARY OF INVESTIGATION:**  The appellant was interviewed on September 5, 2007 by Correctional Sergeant E. Jones. The appellant did not have any further information to provide or any evidence to support his allegations.

Sergeant Jones reviewed the tracking list for Facility C. It is noted that the appellant did successfully participate in the interview process. The appellant will be scheduled for UCC where his program status will be reviewed. Currently the appellant is on the C2 yard which is on modified program pending the incremental release plan that is in effect per the current plan of operations.

The appellant is informed that CDCR rules require that institutional security and the safety of persons shall take precedence over all other considerations. It is standard practice in the department to place a facility on modified program after disturbances. It is also appropriate for staff to investigate and question the inmate population to ascertain the current safety of staff and other inmates on a given facility. These factors are of sufficient importance that the Warden or his designee has deemed it a temporary operational necessity. The institutional head has the authority and responsibility to operate the institution in a safe and secure manner. The inmate population is expected and required to follow all such modifications.

**APPEAL RESPONSE:**  DENIED.

If you are dissatisfied with this decision, you may appeal to the Second Level by following the instructions on your appeal form.

E. Jones
Correctional Sergeant
Salinas Valley State Prison

G. Ponder
Correctional Captain

State of California                                    Department of Corrections and Rehabilitation

# Memorandum                              17.

Date:    October 11, 2007

To:      Inmate Harvey, H28106
         Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-C-07-03810

### ISSUE:

Appellant alleges that he has not been eligible to participate in the program on Facility C since March 2007. The appellant alleges that he did complete all requirements placed upon him by the Facility C staff in regards to interviews and signing chronos.

Appellant requests on appeal that he wants to participate in yard activities.

**REGULATIONS**: The rules governing this issue are:

PC 5054 Control of penal institutions and inmates
CCR 3005 (b) Conduct
DOM 55015 Unlock Protocol Guidelines CONFIDENTIAL

### SUMMARY OF INVESTIGATION:

The First Level of Review (FLR) was completed on September 5, 2007 by Correctional Sergeant E. Jones. Correctional Lieutenant J. Celaya was assigned to investigate this appeal at the Second Level of Review. All submitted documentation and supporting arguments have been considered. Additionally, a thorough examination has been conducted regarding the claim presented, and evaluated in accordance with Salinas Valley State Prison (SVSP) Operational Procedures (OP); the California Code of Regulations (CCR); and the Departmental Operations Manual (DOM).

In accordance with the California Penal Code §5054 Control of penal institutions and inmates; the supervision, management and control of the state prisons is vested with the Director. Through the Policies and Regulation Branch, the Director for the California Department of Corrections and Rehabilitation has established the unlock protocol process as a meaningful and necessary means of assessing incidents of this magnitude. Those departmental regulations are outlined in Confidential Department Operations Manual (DOM) §55015 Unlock Protocol Guidelines.

Procedures such as the interview process and incremental releases as well as other tools are policies put in place to assist the managers in maintaining, to the best of our ability, all of our safety. RETD OCT 1 8 2007

Inmate Harvey, H28106
Case No. SVSP-C-07-03810
Page 2                                  *18.*

As information has been received, management has acted in a responsible
fashion to attempt to return Facility C to normal program. However, information
through interviews, family members, mail, and anonymous notes, and violent
acts (committed and attempted) that have occurred on Facility C since the
original incident have precluded the management from being allowed to safely
return the entire facility to normal program.

A review process is currently being utilized to determine which inmates can
program with a high probability of non-violence. Those inmates how have been
deemed able to program will be released with a secession of reviews continuing
with the remaining inmates. The appellant has also been reviewed as to his
probability to program and will be released accordingly

In conclusion, it is management's responsibility to create and maintain as safe an
environment for the staff and inmates as humanly possible. My managers and I
take this responsibility very seriously. Safety is our number one priority above all
else.

**DECISION**:  The appeal is DENIED.

The appellant is advised that this issue may be submitted for a Director's Level of
Review if desired.

G. A. NEOTTI
Chief Deputy Warden
Salinas Valley State Prison

## PROGRAM STATUS REPORT
## PART B – PLAN OF OPERATION / STAFF & INMATE NOTIFICATION

| INSTITUTION | EFFECTIVE DATE OF PLAN | PRECIPITATING INCIDENT LOG NUMBER |
|---|---|---|
| SALINAS VALLEY STATE PRISON | 8-8-07 | FC-8-8-07 |

| | | | |
|---|---|---|---|
| ☐ NORMAL PROGRAM | ☒ MODIFIED PROGRAM | ☐ LOCKDOWN | ☐ STATE OF EMERGENCY |
| ☒ INITIAL | ☐ UPDATE | | ☐ CLOSURE |

**RELATED INFORMATION (CHECK ALL THAT APPLY)**

| AREA AFFECTED | INMATES AFFECTED | REASON |
|---|---|---|
| ☐ INSTITUTION | ☒ ALL | ☒ BATTERY |
| ☒ FACILITY: C | ☐ BLACK | ☐ DEATH |
| ☐ HOUSING UNIT: | ☐ WHITE | ☒ RIOT / DISTURBANCE |
| ☐ VOCATION: | ☐ HISPANIC | ☐ GROUPING |
| ☐ EDUCATION: | ☐ OTHER | ☒ OTHER: Weapon/On going violence/ Threat to staff |
| ☐ OTHER: | ☐ GYM | |

| MOVEMENT | WORKERS | DAYROOM |
|---|---|---|
| ☒ NORMAL Inmates released to program | ☐ CRITICAL WORKERS ONLY | ☐ NORMAL |
| ☐ ESCORT ALL MOVEMENT IN RESTRAINTS | ☒ CULINARY | ☒ NO DAYROOM ACTIVITIES |
| ☒ UNCLOTHED BODY SEARCH PRIOR TO ESCORT | ☒ CLERKS | ☐ MODIFIED: |
| ☐ CONTROLLED MOVEMENT | ☐ VOCATION/EDUCATION | |
| ☒ OTHER: Inmates on modified program in restraints. | ☒ CANTEEN | **RECREATION** |
| Metal detector prior to escort | ☒ CLOTHING ROOM | ☒ NORMAL Inmates released to program |
| **FEEDING** | ☐ RESTRICTED WORK PROGRAM | ☒ NO RECREATIONAL ACTIVITIES Inmates on modified program |
| ☐ NORMAL | ☒ PORTERS | ☐ MODIFIED: |
| ☒ CELL FEEDING | ☐ INMATE WORKERS | |
| ☐ CONTROLLED FEEDING IN DINING ROOM | **SHOWERS** | **CANTEEN** |
| ☐ HOUSING UNIT/DORM AT A TIME | ☒ NORMAL inmates released for program | ☒ NORMAL Inmates released to program |
| ☐ DORM POD AT A TIME | ☒ ESCORTED Inmates on modified program | ☐ NO CANTEEN |
| ☐ TIER AT A TIME | ☒ ONE INMATE PER SHOWER HEAD | ☒ MODIFIED: Hygiene draw only $35.00 max |
| ☐ HOUSING UNIT SECTION AT A TIME | ☐ CELL PARTNERS TOGETHER | for all modified program inmates |
| ☐ SACK MEAL BREAKFAST | ☐ DORM SHOWERING BY GROUP | **PACKAGES** |
| ☒ SACK MEAL LUNCH | ☐ CRITICAL WORKERS ONLY | ☒ NORMAL |
| ☐ SACK MEAL DINNER | ☐ NO SHOWERS | ☐ NO PACKAGES: |
| **DUCATS** | **MEDICAL** | ☐ MODIFIED: |
| ☒ ALL DUCATS HONORED | ☒ NORMAL MEDICAL PROGRAM Inmates released to program | |
| ☐ MEDICAL DUCATS ONLY | ☒ PRIORITY DUCATS ONLY Inmates on modified program | **PHONE CALLS** |
| ☐ CLASSIFICATION DUCATS | ☒ LVN CONDUCT ROUNDS IN UNITS Inmates on modified program | ☒ NORMAL Inmates released to program |
| ☐ PRIORITY DUCATS ONLY | ☒ INMATES ESCORTED TO SICK CALL Inmates on modified program | ☒ NO PHONE CALLS I/Ms on modified program |
| **VISITING** | ☐ EMERGENCY MEDICAL ONLY | ☐ MODIFIED: |
| ☒ NORMAL VISITING Inmates released to program | ☒ OTHER: | |
| ☒ NON-CONTACT ONLY Inmates on modified program | | **RELIGIOUS SERVICES** |
| ☐ NO VISITING | **LEGAL LIBRARY** | ☒ NORMAL Inmates released to program |
| ☐ OTHER | ☒ NORMAL Inmates released to program | ☐ NO RELIGIOUS SERVICES |
| | ☒ APPROVED COURT DEADLINES: PLU progressing to GLU | ☒ MODIFIED: Inmates on modified program in Cell Worship |

REMARKS: On 8-3-07 a Threat to staff was discovered concerning the Southern Hispanic population (SVP-FCY-07-08-0513). Based on this the Southern Hispanic population (to include BMU) will remain on modified program pending administrative review. The unresolved population conflicts are: Southern Hispanic/Staff threat, Southern Hispanic/Black conflict, Southern Hispanic/ Bulldog conflict, Northern Hispanic/ Bulldog conflict, Northern Hispanic/Black conflict, Northern Hispanic internal conflict, White/ Bulldog conflict, Mexican National/Bulldog conflict, Mexican National/ Black conflict. Based on this Program Status Reports (PSRs) : SVP-FCY-07-02-0105, : SVP-FCY-07-04-0258, : SVP-FCY-07-06-0370 and SVP-FCY-07-08-0513 are being consolidated into PSR FC-8-8-07. FC-8-8-07 implements the facilities incremental release plan. Release lists will be approved by the Facility Captain and increased based on the success of the incremental releases. Sergeants will ensure current lists are maintained in the buildings and program area. Releases will begin 8-14-07 provided Facility cell moves based on

STATE OF CALIFORNIA
CDCR 3022-B (REV. 07/07)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

20,

# PROGRAM STATUS REPORT
## PART B – PLAN OF OPERATION / STAFF & INMATE NOTIFICATION

*Describe only this reporting periods specific Plan of Operation*

| INSTITUTION | EFFECTIVE DATE OF PLAN | PROGRAM STATUS NUMBER: |
|---|---|---|
| Salinas Valley State Prison | September 12, 2007 | FC-08-08-07 |

| ☐ NORMAL PROGRAM | ☒ MODIFIED PROGRAM | ☐ LOCKDOWN | ☐ STATE OF EMERGENCY |
|---|---|---|---|
| ☐ INITIAL | ☒ UPDATE | | ☐ CLOSURE |

### RELATED INFORMATION (CHECK ALL THAT APPLY)

| AREA AFFECTED | INMATES AFFECTED | REASON |
|---|---|---|
| ☐ INSTITUTION: | ☐ ALL | ☒ BATTERY |
| ☒ FACILITY:  Facility C | ☒ BLACK | ☐ DEATH |
| ☐ HOUSING UNIT: | ☒ WHITE | ☒ RIOT / DISTURBANCE |
| ☐ VOCATION: | ☒ HISPANIC | ☐ GROUPING |
| ☐ EDUCATION: | ☐ OTHER | ☒ OTHER  Weapons / Staff Threat |
| ☐ OTHER: | | ☒ On-going Violence |

| MOVEMENT | WORKERS | DAYROOM |
|---|---|---|
| ☒ NORMAL | ☒ NORMAL - I/M's released to program. | ☐ NORMAL |
| ☐ ESCORT ALL MOVEMENT | ☐ CRITICAL WORKERS ONLY | ☒ NO DAYROOM ACTIVITIES |
| ☒ UNCLOTHED BODY SEARCH PRIOR TO ESCORT | ☐ CULINARY | ☐ MODIFIED: |
| ☐ CONTROLLED MOVEMENT | ☐ CLERKS | **RECREATION** |
| ☒ OTHER:  I/M's on modified program in | ☐ VOCATION/EDUCATION | ☒ NORMAL - I/M's released to program. |
| | ☐ CANTEEN | ☒ NO RECREATIONAL ACTIVITIES - I/M's |
| restraints, metal detector search prior to escort. | ☐ CLOTHING ROOM | on modified program. |
| **FEEDING** | ☐ RESTRICTED WORK PROGRAM | ☐ MODIFIED: |
| ☐ NORMAL | ☐ PORTERS | |
| ☒ CELL FEEDING | ☐ NO INMATE WORKERS | **CANTEEN** |
| ☐ CONTROLLED FEEDING IN DINING ROOM | **SHOWERS** | ☒ NORMAL - I/M's released to program. |
| ☐ HOUSING UNIT/DORM AT A TIME | ☒ NORMAL - I/M's released to program. | ☐ NO CANTEEN |
| ☐ DORM POD AT A TIME | ☒ ESCORTED - I/M's on modified program. | ☒ MODIFIED:  $45.00 hygiene draw. |
| ☐ TIER AT A TIME | ☒ ONE INMATE PER SHOWER – OWN TIER | I/M's on modified program. |
| ☐ HOUSING UNIT SECTION AT A TIME | ☐ CELL PARTNERS TOGETHER – OWN TIER | **PACKAGES** |
| ☐ SACK MEAL BREAKFAST | | ☒ NORMAL - I/M's released to program. |
| | ☐ DORM SHOWERING BY GROUP | ☐ NO PACKAGES - I/M's on modified |
| ☒ SACK MEAL LUNCH | ☐ CRITICAL WORKERS ONLY | program. |
| ☐ SACK MEAL DINNER | ☐ NO SHOWERS | ☐ MODIFIED: |
| **DUCATS** | **MEDICAL** | **PHONE CALLS** |
| ☒ NORMAL | ☒ NORMAL - I/M's released to program. | ☒ NORMAL - I/M's released to program. |
| ☐ MEDICAL DUCATS ONLY | ☒ PRIORITY DUCATS ONLY - I/M's on | ☒ NO PHONE CALLS - I/M's on modified |
| | modified program. | program. |
| ☐ CLASSIFICATION DUCATS | ☒ LVN CONDUCT ROUNDS IN UNITS - I/M's | |
| | on modified program. | ☐ MODIFIED: |
| ☐ PRIORITY DUCATS ONLY | ☒ INMATES ESCORTED TO SICK CALL - I/M's | |
| **VISITING** | on modified program. | |
| ☒ NORMAL VISITING - I/M's released to program. | ☐ EMERGENCY MEDICAL ONLY | **RELIGIOUS SERVICES** |
| ☒ NON-CONTACT ONLY - I/M's on modified | | |
| program. | ☐ OTHER: | ☒ NORMAL - I/M's released to program. |
| ☐ NO VISITING | **LEGAL LIBRARY** | ☐ NO RELIGIOUS SERVICES |
| ☐ OTHER: | ☒ NORMAL - I/M's released to program. | ☒ MODIFIED:  In-cell worship. |
| | ☒ APPROVED COURT DEADLINES – PLU | |
| | progressing to GLU. | I/M's on modified program. |

REMARKS: Facility C will initiate the implementation of Phase III of the incremental release plan. The release lists will be approved by the Facility Captain and increased based on the success of incremental releases. Facility C Sergeants will ensure current release will begin September 5, 2007. The Phase III release list will supersede all prior release lists. All inmates on the list(s) are at normal program. Inmates on modified program will comply with unclothed body searches and metal detector search prior to escorts in restraints. All programming inmates will be subject to unclothed body search and metal detector search prior to release from their assigned housing units. Phase III of the incremental release will initiate the utilization of the exercise yard on an odd/even housing unit rotation.

State of Emergency only: Postponement of nonessential administrative decisions, actions and the normal time requirements:

☐ Approved    ☐ Disapproved

| PREPARED BY: | DATE | NAME / SIGNATURE (WARDEN) | DATE |
|---|---|---|---|

*21.*





State of California                                    Department of Corrections and Rehabilitation

# Memorandum                        *22.*

Date:  May 20, 2008

To:    Inmate Harvey, H28106
       Salinas Valley State Prison

Subject: SECOND LEVEL APPEAL RESPONSE LOG NUMBER-SVSP-C-08-01477

### ISSUE:

The appellant claims that he has shoulder pain for which an earlier MRI showed
that he had tears in that area.  Appellant claims that he was treated with physical
therapy and told that if the pain returned to put in a sick call slip and he would be
scheduled for a new MRI.  When the appellant did so, the appellant claims that
RN D. Jeans told him that his issue was not serious so he would see the doctor
in a couple of weeks.  Appellant claims that statement was unethical and that
such a decision should have come from a doctor and not a nurse.

Appellant requests on appeal an MRI of his shoulder, proper medical attention,
and to exhaust his administrative remedies.

**INTERVIEWED BY**:  RN S Ygay on May 2, 2008.

**REGULATIONS**:  The rules governing this issue are:

**California Code of Regulations, Title 15 Section:**
3350   Provision of Medical Care and Definition
3350.1 Medical Treatment/Service Exclusions
3354.1 Health Care Responsibilities and Limitations

### SUMMARY OF INVESTIGATION:

The First Level of Review (FLR) was completed on May 2, 2008.  Dr. J. Lee,
Chief Physician and Surgeon (A), was assigned to investigate this appeal at the
Second Level of Review (SLR).  All submitted documentation and supporting
arguments have been considered.  Additionally, a thorough examination has
been conducted regarding the claim presented, and evaluated in accordance
with Salinas Valley State Prison (SVSP) Operational Procedures (OP); the
California Code of Regulations (CCR); and the Departmental Operations Manual
(DOM).

In the response at the FLR the appellant was told that his request was partially
granted.  During the interview the appellant stated that he had not been seen by
the doctor as scheduled and that he wants the proper medical attention.  He was
scheduled to be seen by his primary care provider the day of the interview.

**Inmate Harvey, H28106**
**Case No. SVSP-C-08-01477**
**Page 2**                                    23.

The appellant elevated to the SLR on May 7, 2008 stating that he has not received the requested MRI and he wishes to exhaust his administrative remedies.

A review of the appellant's Unit Health Record has been conducted. The appellant has had chronic right shoulder pain due to an injury sustained in 1993. The most recent MRI of the right shoulder was done on February 17, 2006 which showed an infraspinatus and supraspinatus tendonitis and partial tear. The appellant underwent an orthopedic evaluation in April of 2006 and felt this was not operative. The appellant improved on conservative therapy including physical therapy and NSAID's. The appellant was released from the orthopedic clinic after two follow-ups in June of 2006 and August of 2006. Lately, the appellant has been complaining about recurrent right shoulder pain. The appellant was recently evaluated by a medical provider on May 2, 2008. He was given a diagnosis of worsening tendonitis without significant limiting physical findings. The appellant had his NSAID's adjusted to Ibuprofen and Robaxin added to his regimen. In addition, the appellant was given another referral to the orthopedic clinic for a re-evaluation including need for a repeat MRI of the right shoulder, as well as additional therapeutic measures such as interarticular steroid injections.

**DECISION**: The appeal is Partially Granted.

The appellant is advised that this issue may be submitted for a Director's Level of Review if desired.

CHARLES D. LEE, M.D.
Health Care Manager
Salinas Valley State Prison

24.
# INMATE APPEAL ROUTE SLIP

**To: CTC** /PCP

Date: May 9, 2008

From: INMATE APPEALS OFFICE

Re: Appeal Log Number **SVSP-C-08-01477** By Inmate <u>HARVEY</u>, <u>H28106</u>

Please assign this appeal to appropriate staff for **SECOND** level response.

Appeal Issue: MEDICAL

Due Date: **06/06/2008**

Special Needs:

STAFF INSTRUCTIONS:
Second level appeals require a personal interview if not afforded at the first level. Begin your response with: GRANTED, DENIED, PARTIALLY GRANTED or WITHDRAWN. When complete, return to Appeals Office. Appeals that are incomplete will be returned to the responding staff for appropriate completion. Refer to D.O.M. 54100 for instructions.

T. VARIZ, CC-II / E. MEDINA CC-II
Appeals Coordinators
Salinas Valley State Prison

AREA OF ORIGIN ___C1___

2nd

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

25.

Location: Institution/Parole Region ___CVSP___ Log No. ___C-08-1477___ Category ___8___

1. 

2. _____  2. _____  CTC 1st

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly. *Access to Medical Care*

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| HARVEY, Q. | H-28106 | | C-1-108 |

A. Describe Problem: ON 3-24-08 I WENT TO NURSES LINE TO GET MY LAST Hep. Vaccine SHOT AT WHICH TIME I ASKED WHEN I WAS SCHEDULE TO SEE THE doctor AND WAS TOLD THAT I WAS NOT. PRIOR AT NURSES LINE I WAS SEEN BY NURSE DAN JEANS. I TOLD HIM ABOUT TEARS IN MY SHOULDER THAT WAS CONFIRMED BY A M.R.I. AND THAT I HAD PREVIOUSLY WENT THROUGH PHYSICAL THERAPY FOR. I TOLD HIM THAT I WAS AGAIN EXPERIENCING PAIN IN MY SHOULDER AND WAS TOLD THAT IF THIS HAPPENED I WAS TO PUT IN A SICK CALL SLIP AND I WOULD BE SCHEDULE FOR AN M.R.I. WHICH WOULD GIVE THE PHYSICAL THERAPY doctor AN IDEAL WHETHER TO REQUEST A CORTISONE SHOT OR SURGERY. I ASKED J. JEANS HOW LONG WOULD IT TAKE FOR ME TO SEE THE doctor I ADMITTED THAT THE PAIN WAS NOT EXCRUCIATING BUT NAGGING EVERYTIME I ELEVATE MY ARM OR WHEN I ROLL OVER ON IT WHEN I SLEEP.

[SEE ADDITIONAL SHEET]

If you need more space, attach one additional sheet.

B. Action Requested: I REQUEST A M.R.I. I REQUEST THE PROPER MEDICAL ATTENTION. I REQUEST TO EXHAUST MY ADMINISTRATIVE REMEDIES. **REC'D MAR 2 5 2008**

Inmate/Parolee Signature: *Quillie Harvey*                    Date Submitted: 3-24-08

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: 

_BYPASS_

Staff Signature: _____                    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_BYPASS_

Signature: _____                    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

26.

First Level ☑ Granted   ☑ P. Granted   ☐ Denied   ☐ Other _____  Due Date: 5/7/08

REVIEWER'S ACTION (Complete within 15 working days): Date assigned: 5/25/08

Interviewed by: _____ S. Ygay, RN on May 2, 2008. HARVEY, H28106, SVSP-C-08-1477. You state that you have not seen the doctor as scheduled. You want the proper medical attention. At the time of the face to face interview the appellant was in the medical clinic to see the yard PCP. The appeal is granted. The appellant is scheduled to see the yard PCP today on 5/2/08 to address his medical condition. The treatment will proceed on the assessment of the PCP.

Staff Signature: _____ S. YGAY     Title: RN     Date Completed: 5/02/08

Division Head Approved:
Signature: _____     Title: SRJ 4     Date to Inmate: MAY 07 2008

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

Dissatisfied I have not received the requested M.R.I. and I wish to exhaust my administrative remedies as stated on the informal level action requested.

Signature: _____ Willie Harvey     Date Submitted: 5-7-08

Second Level ☑ Granted   ☒ P. Granted   ☐ Denied   ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____

☑ See Attached Letter

Signature: _____     Date Completed: 5/20/08

Warden/Superintendent Signature: _____     1ST LVL ☐     2ND _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

Signature: _____     Date Submitted: _____

For the Director's Review, submit all documents to:  Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted   ☐ P. Granted   ☐ Denied   ☐ Other _____
☐ See Attached Letter

Date: _____

CDC 602 (12/87)

27.

Please Use This Page For Additional Comments If Necessary: *Additional Sheet "*

D. Jeans told me that my issue was not serious so i'd
probaily see the doctor in a couple of weeks. I said
I didn't agree because even though I wasn't in excru-
ciating pain the pain that I am in could mean my
shoulder is deteriorating. D. Jeans failure to sche-
dule me to see the doctor because he did not
feel my situation was serious enough is not only
unethical but has left me experiencing pain with-
out treatment. The doctor should be the one mak-
ing care giving decisions not the nurse. There's
good procedures in place, but they're uneffective
when they're not followed.

2-24-08

28.





PROGRAM STATUS REPORT

## PART B – PLAN OF OPERATION / STAFF & INMATE NOTIFICATION

| INSTITUTION | EFFECTIVE DATE OF PLAN | PRECIPITATING INCIDENT LOG NUMBER |
|---|---|---|
| SALINAS VALLEY STATE PRISON | 4/23/07 | FC-4-23-07 |

☐ NORMAL PROGRAM ☒ MODIFIED PROGRAM  29. ☐ LOCKDOWN ☐ STATE OF EMERGENCY

☒ INITIAL ☐ UPDATE ☐ CLOSURE

### RELATED INFORMATION (CHECK ALL THAT APPLY)

| AREA AFFECTED | INMATES AFFECTED | REASON |
|---|---|---|
| ☐ INSTITUTION | ☒ ALL | ☐ BATTERY |
| ☒ FACILITY: C | ☐ BLACK | ☐ DEATH |
| ☐ HOUSING UNIT: | ☐ WHITE | ☐ RIOT / DISTURBANCE |
| ☐ VOCATION: | ☐ HISPANIC | ☐ GROUPING |
| ☐ EDUCATION: | ☒ OTHER  BMU | ☒ OTHER: missing metal |
| ☒ OTHER: Gym Inmates | ☒ GYM | |

| MOVEMENT | WORKERS | DAYROOM |
|---|---|---|
| ☒ NORMAL critical workers | ☒ CRITICAL WORKERS ONLY | ☐ NORMAL |
| ☐ ESCORT ALL MOVEMENT IN RESTRAINTS | ☒ CULINARY | ☒ NO DAYROOM ACTIVITIES |
| ☒ UNCLOTHED BODY SEARCH PRIOR TO ESCORT | ☒ CLERKS | ☐ MODIFIED: |
| ☒ CONTROLLED MOVEMENT Modified program I/Ms in restraints. | ☐ VOCATION/EDUCATION | |
| ☒ OTHER: Unclothed body searches and metal detector prior to escort | ☒ CANTEEN | RECREATION |
| | ☒ CLOTHING ROOM | ☐ NORMAL |
| FEEDING | ☐ RESTRICTED WORK PROGRAM | ☒ NO RECREATIONAL ACTIVITIES |
| ☐ NORMAL | ☒ PORTERS (limited) | ☐ MODIFIED: |
| ☒ CELL FEEDING | ☐ INMATE WORKERS | |
| ☐ CONTROLLED FEEDING IN DINING ROOM | SHOWERS | CANTEEN |
| ☐ HOUSING UNIT/DORM AT A TIME | ☐ NORMAL | ☐ NORMAL |
| ☐ DORM POD AT A TIME | ☒ ESCORTED - All | ☒ NO CANTEEN |
| ☐ TIER AT A TIME | ☒ ONE INMATE PER SHOWER HEAD | ☐ MODIFIED: |
| ☐ HOUSING UNIT SECTION AT A TIME | ☐ CELL PARTNERS TOGETHER | |
| ☐ SACK MEAL BREAKFAST | ☒ DORM SHOWERING BY GROUP | PACKAGES |
| ☒ SACK MEAL LUNCH | ☐ CRITICAL WORKERS ONLY | ☒ NORMAL |
| ☐ SACK MEAL DINNER | ☐ NO SHOWERS | ☐ NO PACKAGES: |
| DUCATS | MEDICAL | ☐ MODIFIED: |
| ☒ ALL DUCATS HONORED | ☒ NORMAL MEDICAL PROGRAM | |
| ☐ MEDICAL DUCATS ONLY | ☒ PRIORITY DUCATS ONLY | PHONE CALLS |
| ☐ CLASSIFICATION DUCATS | ☒ MTA CONDUCT ROUNDS IN UNITS | ☐ NORMAL |
| ☐ PRIORITY DUCATS ONLY | ☒ INMATES ESCORTED TO SICK CALL | ☒ NO PHONE CALLS |
| VISITING | ☐ EMERGENCY MEDICAL ONLY | ☐ MODIFIED: |
| ☒ NORMAL VISITING Blacks/Others/Bulldogs | ☐ OTHER: | |
| ☒ NON-CONTACT ONLY Southern/Northern/Mexican National- Hispanic /White inmates. | | RELIGIOUS SERVICES |
| ☐ NO VISITING | LEGAL LIBRARY | ☐ NORMAL |
| ☐ OTHER | ☐ NORMAL | ☐ NO RELIGIOUS SERVICES |
| | ☒ APPROVED COURT DEADLINES: | ☒ MODIFIED: In-Cell Worship for modified program inmates |

REMARKS . Based on the recent incident (SVP-FC8-07-04-0276) involving a metal weapon and the discovery of missing metal in various locations on the facility, Facility C is being placed on modified This will continue pending administrative review.

| PREPARED BY: | DATE: | NAME / SIGNATURE (WARDEN) | DATE: |
|---|---|---|---|
| G. PONDER, FACILITY CAPTAIN | 4/23/07 | M. S. EVANS, WARDEN | 4/23/07 |

STATE OF CALIFORNIA
COUNTY OF MONTEREY

(C.C.P. SEC. 466 & 2015.5; 28 U.S.C. SEC. 1746)

I, _Quillie Harvey_ declare under penalty of perjury that: I am
the _Plaintiff_ in the above entitled action; I have read the foregoing documents
and know the contents thereof and the same is true of my own knowledge, except as to matters
stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this _16 TH_ day of _July_ , 20_08_ , at Salinas Valley State
Prison, Soledad, California 93960-1050.

(Signature) _Quillie Harvey_
DECLARANT/PRISONER

----------------------------------------------------------------

PROOF OF SERVICE BY MAIL
(C.C.P. SEC 1013(a) & 2015.5; 28 U.S.C. SEC. 1746)

I, _Quillie Harvey_ , am a resident of California State Prison, in the County of
Monterey, State of California; I am over the age of eighteen (18) years and am/am not a party of
the above entitled action. My state prison address is: P.O. Box 1050, Soledad, California 93960-
1050.

On _July 16_ , 20_08_ , I served the foregoing: _42 USC §§ 1983_

(Set forth exact title of document(s) served)

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with
postage thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas
Valley State Prison, Soledad, California 93960-1050.

_OFFICE OF THE CLERK FOR THE_
_UNITED STATES DISTRICT COURT NORTHERN_
_450 GOLDEN GATE AVENUE_
_SAN FRANCISCO, CA. 94102_

(List parties served)

There is delivery service by United States Mail at the place so addressed, and/or there is regular
communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: _7-16_ , 20_08_ ,

_Quillie Harvey_
DECLARANT/PRISONER

Quillie Harvey H-28106
Salinas Valley State Prison
P.O. Box 1050 C-1-108
Soledad, CA. 93960

STATE PRISON
GENERATED MAIL

RECEIVED

JUL 18 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Office of The Clerk
United States District Court North
450 Golden Gate Avenue
San Francisco, CA. 94102

3544

08 CV

