1
2
3
4
5
6
7
8
9          IN THE UNITED STATES DISTRICT COURT

10        FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

12   QUILLIE L. HARVEY, JR.,                    )
                                                )
13              Plaintiff(s),                   )        No. C 08-3544 CRB (PR)
                                                )
14        v.                                    )        ORDER OF SERVICE
                                                )
15   G. PONDER, et al.,                         )
                                                )
16              Defendant(s).                   )
                                                )
17   _____

18        Plaintiff, a prisoner at Salinas Valley State Prison (SVSP) and frequent

19   litigant in federal court, has filed a pro se civil rights complaint for damages

20   under 42 U.S.C. § 1983 alleging that prison officials deprived him of outdoor

21   exercise for eleven months on account of an extended "lockdown" and despite his

22   protests.  He also alleges that they violated his right to equal protection because

23   "other" inmates were not subjected to the same restrictions.

24                              **DISCUSSION**

25   A.     Standard of Review

26        Federal courts must engage in a preliminary screening of cases in which

27   prisoners seek redress from a governmental entity or officer or employee of a

28   governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

1 claims or dismiss the complaint, or any portion of the complaint, if the complaint

2 "is frivolous, malicious, or fails to state a claim upon which relief may be

3 granted," or "seeks monetary relief from a defendant who is immune from such

4 relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.

5 Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

6 To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two

7 essential elements: (1) that a right secured by the Constitution or laws of the

8 United States was violated, and (2) that the alleged violation was committed by a

9 person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48

10 (1988).

11 B.    Legal Claims

12 It is well-established that a prisoner must be provided regular outdoor

13 exercise unless "inclement weather, unusual circumstances, or disciplinary

14 needs" make it impossible.  See Spain v. Procunier, 600 F.2d 189, 199 (9th Cir.

15 1979).  Liberally construed, plaintiff's allegations of deprivation of outdoor

16 exercise for eleven months states a cognizable claim under § 1983 and will be

17 served on the named defendants.  But cf. Hayward v. Procunier, 629 F.2d 599,

18 603 (9th Cir. 1980) (upholding temporary deprivation of outdoor exercise during

19 "lockdown" initiated during a "genuine emergency").  So will his claim of denial

20 of equal protection.  See City of Cleburne v. Cleburne Living Center, 473 U.S.

21 432, 439 (1985) (Equal Protection Clause commands that all persons similarly

22 situated should be treated alike).

23 **CONCLUSION**

24 For the foregoing reasons and for good cause shown,

25 1.    The clerk shall issue summons and the United States Marshal shall

26 serve, without prepayment of fees, copies of the complaint in this matter, all

27

28 2

1  attachments thereto, and copies of this order on the named defendants at SVSP:

2  G. Ponder, M. S. Evans, A. Hedgpeth and J. Celaya.  The clerk also shall serve a

3  copy of this order on plaintiff.

4          2.      In order to expedite the resolution of this case, the court orders as

5  follows:

6          a.      No later than 90 days from the date of this order, defendants

7  shall file a motion for summary judgment or other dispositive motion.  A motion

8  for summary judgment shall be supported by adequate factual documentation and

9  shall conform in all respects to Federal Rule of Civil Procedure 56, and shall

10  include as exhibits all records and incident reports stemming from the events at

11  issue.  If defendants are of the opinion that this case cannot be resolved by

12  summary judgment or other dispositive motion, they shall so inform the court

13  prior to the date their motion is due.  All papers filed with the court shall be

14  served promptly on plaintiff.

15          b.      Plaintiff's opposition to the dispositive motion shall be filed

16  with the court and served upon defendants no later than 30 days after defendants

17  serve plaintiff with the motion.

18          c.      Plaintiff is advised that a motion for summary judgment

19  under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your

20  case.  Rule 56 tells you what you must do in order to oppose a motion for

21  summary judgment.  Generally, summary judgment must be granted when there

22  is no genuine issue of material fact--that is, if there is no real dispute about any

23  fact that would affect the result of your case, the party who asked for summary

24  judgment is entitled to judgment as a matter of law, which will end your case.

25  When a party you are suing makes a motion for summary judgment that is

26  properly supported by declarations (or other sworn testimony), you cannot simply

27

28                                       3

1  rely on what your complaint says.  Instead, you must set out specific facts in

2  declarations, depositions, answers to interrogatories, or authenticated documents,

3  as provided in Rule 56(e), that contradicts the facts shown in the defendant's

4  declarations and documents and show that there is a genuine issue of material

5  fact for trial.  If you do not submit your own evidence in opposition, summary

6  judgment, if appropriate, may be entered against you.  If summary judgment is

7  granted, your case will be dismissed and there will be no trial.  Rand v. Rowland,

8  154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

9        Plaintiff is also advised that a motion to dismiss for failure to exhaust

10  administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your

11  case, albeit without prejudice.  You must "develop a record" and present it in

12  your opposition in order to dispute any "factual record" presented by the

13  defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120

14  n.14 (9th Cir. 2003).

15        d.    Defendants shall file a reply brief within 15 days of the date

16  on which plaintiff serves them with the opposition.

17        e.    The motion shall be deemed submitted as of the date the

18  reply brief is due.  No hearing will be held on the motion unless the court so

19  orders at a later date.

20      3.    Discovery may be taken in accordance with the Federal Rules of

21  Civil Procedure.  No further court order is required before the parties may

22  conduct discovery.

23      4.    All communications by plaintiff with the court must be served on

24  defendants, or defendants' counsel once counsel has been designated, by mailing

25  a true copy of the document to defendants or defendants' counsel.

26      5.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must

27

28                              4

1   keep the court and all parties informed of any change of address and must comply

2   with the court's orders in a timely fashion.  Failure to do so may result in the

3   dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

4   SO ORDERED.

5   DATED:  Nov. 26, 2008

        CHARLES R. BREYER
6       United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   G:\PRO-SE\CRB\CR.08\Harvey, Q2.serve.wpd                    5